IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |  |
|---|---|---|
| JAMES D. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-00445-WHA |
| | ) | wo |
| ALICE E. HENDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON MOTIONS

After due consideration of written submissions and representations of counsel during a telephone conference set at 11:30 a.m. this day, upon initial notice by the undersigned of *the Motion for Protective Order*, filed July 18, 2006 by Defendants and Intervenor (Doc. 26); Plaintiff's *Response to Motion for Protective Order and Emergency Motion to Compel, for Sanctions, and for Protective Order*, (Doc. 27, filed July 18, 2006); and the Reply filed by Defendants and Intervenor (Doc. 28, July 19, 2006), it is **ORDERED** as follows:

1. For "good cause" shown, the **Motion for Protective Order** by Defendants and Intervenor (Doc. 26) is **GRANTED** only to the extent of its request for a protective order barring Bonnie Henderson, a non-party witness, from attending depositions scheduled for the parties, who include her husband as the Plaintiff. Accordingly, it is **ORDERED**, pursuant to Federal Rules of Civil Procedure, Rule 26(c)(5) that Bonnie Henderson, a non-party witness, be, and is hereby, PROHIBITED from attending the depositions of Plaintiff, Defendants and the Intervenor. All other relief requested in the *Motion* is DENIED.

2. Plaintiff's *Emergency Motion to Compel, for Sanctions, and for Protective Order* (Doc. 27) is--

   a. DENIED with respect to its request for an ORDER compelling the depositions of Defendants Phad and Phipps, based on the Reply by Defendants and Intervenor (Doc.28) indicating

no opposition to continuing these depositions. The court finds that such depositions were duly noticed for July 18 and 19, 2006, and are thus due to be continued to completion prior to any depositions noticed thereafter.

b. DENIED with respect to its request for an ORDER allowing leave for the depositions of Phad and Phipps to be conducted beyond the currently scheduled discovery cut-off, based solely on this court's lack of authority to extend deadlines ordered by the assigned trial judge. This court does find, however, that absent a Rule 26 protective order, Defendants and Intervenor had no right to adjourn the deposition which commenced on July 18, based solely on their objection to the presence of Bonnie Henderson, a non-party witness, at the deposition. Consequently, it is ORDERED that Defendants Phad and Phipps make themselves available promptly this day, July 19, to continue their depositions to completion, and otherwise coordinate with reasonable efforts by counsel to complete such depositions prior to the time scheduled for other depositions on July 20, even if it is necessary to continue the depositions after 5:00 p.m.

c. DENIED with respect to the request for sanctions against Defendants Phad and Phipps for discovery abuses;

d. DENIED with respect to all other requested relief.

Done this 19th day of July, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE