**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| JAMES D. HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:05cv445-WHA |
| | )         (WO) |
| | ) |
| ALICE E. HENDERSON, et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| SIGNATURE BUILDERS, LLC, | ) |
| | ) |
| Defendant/Intervenor. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Dismiss filed by the Plaintiff, James D. Henderson, on October 30, 2006.

The Plaintiff originally asserted a federal Copyright Act claim and state law claims against Alice E. Henderson, Daniel W. Phipps, and Phad Properties, LLC.  The claims related to the construction of duplex homes in the Ross Park Subdivision in Auburn, Alabama.

Defendant Alice E. Henderson asserted counterclaims against Plaintiff James D. Henderson for wrongful dissolution, breach of fiduciary duty, conversion, and breach of contract.  Signature Builders, LLC ("Signature"), a company formed by the Plaintiff and Defendant Alice E. Henderson, moved to intervene in the case.  The court granted the motion to intervene, and Signature was designated as a Defendant/Intervenor.  Signature asserted counterclaims for breach of fiduciary duty, conversion, and copyright infringement.  The

counterclaims arise out of the Plaintiff's actions in the "conduct and winding up" of Signature. *See* Doc. #'s 8 at page 12 and 9 at page 4.

On October 30, the court granted in part and denied in part motions for summary judgment filed by the Plaintiff and Defendants. The case was ordered to proceed on the Plaintiff's copyright infringement claim, Defendant Alice E. Henderson's counterclaims for wrongful dissolution, conversion, and breach of fiduciary duty, and the Defendant/Intervenor Signature's counterclaims for breach of fiduciary duty and conversion.

The Plaintiff subsequently moved to dismiss the counterclaims asserted against him, arguing that the court lacks subject matter jurisdiction over those claims.

## II. MOTION TO DISMISS STANDARD

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings. *Lawrence*, 919 F.2d at 1529. Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). In this case, the Plaintiff has facially attacked the counterclaims.

### III. DISCUSSION

The Plaintiff has moved to dismiss the counterclaims asserted by Defendant Alice E. Henderson and Defendant/Intervenor Signature for lack of subject matter jurisdiction on the basis that the Plaintiff's claim is asserted under the federal Copyright Act, while the counterclaims are unrelated state law claims which arise from the dissolution of Signature.

Although the court has federal question subject matter jurisdiction over the federal claim for copyright infringement, there is no diversity or federal question subject matter jurisdiction over the counterclaims. This court can exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, however, if those claims arise out of a common nucleus of operative fact with a substantial federal claim. *Parker v. Scrap Metal Processors, Inc.,* No. 05-16904, 2006 WL 3007191, *6 (11th Cir. Oct. 24, 2006).

The Defendants argue that the counterclaims are rooted in the business relationship between Alice Henderson and Jim Henderson, and that the business relationship produced the plans which are at issue in the copyright infringement claim. The Defendants further state that the ending of the business relationship led to the copyright filings and to the dissolution of Signature.

Upon careful review of the allegations of the counterclaims, it appears that the counterclaims sufficiently tie the copyrighted plans to the business relationship of Alice Henderson, Jim Henderson, and Signature so that supplemental jurisdiction exists over the counterclaims. Specifically, the breach of fiduciary duty counterclaims by Alice Henderson and Signature are claims based on the Plaintiff's "conduct or winding up of Signature," and include the allegation that "Henderson personally filed for copyright registration of intellectual property

belonging to Signature." *See* Doc. #'s 8 at page 12-13 and 9 at page 4-5.  The conversion counterclaims by Alice Henderson and Signature are for the conversion of "cash, intellectual property, development rights and development plans." *See id.* at pages 14 and 6.   The counterclaim of wrongful dissolution asserted by Alice Henderson claims damages for lost profits, which appears, in the context of all of the counterclaims, to include lost profits from loss of use of the copyrighted plans. *See* Doc. 8 at page 12, 13.

       The issues of Alice Henderson and Signature's putative interests in the copyrighted plans were discussed at the summary judgment stage of this case only within the context of the Defendants' Motion for Summary Judgment as to the Plaintiff's copyright infringement claim.  In ruling on the Defendants' Motion for Summary Judgment, the court concluded that questions of fact precluded entry of judgment in favor of the Defendants.[1]   Therefore, the merits of the counterclaims have not been decided previously by the court.  Furthermore, the Plaintiff has not moved for summary judgment or dismissal on the merits of the counterclaims at issue.  The Plaintiff has merely asserted that there is an insufficient factual relationship between his copyright infringement claim and the pending counterclaims for the exercise of supplemental

---

[1] For example, the court noted as follows:

> Signature's theory of authorship is that changes jointly made by AEH and Henderson meant that AEH and Henderson are co-authors of a joint work, that this work was an asset of their statutory partnership, and that Signature, as successor in interest to the partnership, succeeded to ownership of the copyright. Even if the lack of a written assignment is not a bar under the statute, because there is insufficient evidence to support a finding of co-authorship as a matter of law, Signature's theory of a financial interest does not establish that Signature is entitled to summary judgment.

Doc. # 47 at page 10.

jurisdiction.  Because the allegations of the counterclaims tie the copyrighted plans to the state law claims involving the Plaintiff's conduct and winding up of Signature, however, the court concludes that the counterclaims arise out of the same nucleus of operative facts as the copyright infringement claim.  Accordingly, the court finds that it has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the counterclaims at issue.[2]

## IV.  CONCLUSION

For the reasons discussed, the Plaintiff's Motion to Dismiss (Doc. #48) is due to be and is hereby ORDERED DENIED.

Done this 9th day of November, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES JUDGE

---

[2] Of course, the issue of subject matter jurisdiction, as well as the merits of the counterclaims, can be raised by appropriate motion at trial.